IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRECK PLATTENBURG,<br>TDCJ #01835684, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-17-1687 |
| KRIS JENNER, | §<br>§ | |
| Defendant. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Derreck Plattenburg, a state inmate proceeding *pro se*, has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) against television reality star Kris Jenner. Plattenburg impliedly seeks leave to proceed *in forma pauperis*. Because Plattenburg is incarcerated, the court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

### I. Background

Plattenburg is confined currently by the Texas Department of Criminal Justice – Correctional Institutional Division at the Ellis Unit in Huntsville, Texas, where he is

serving a 5-year sentence for robbery causing bodily injury in Harris County cause number 119817701010.[1] On May 31, 2017, Plattenburg executed his complaint under 42 U.S.C. § 1983. Although difficult to ascertain, Plattenburg appears to claim that the defendant is trying to kill him and has been using her television fame to harass him. Plattenburg seeks release from prison so he may assist officers in arresting the defendant. Plattenburg further seeks over $6.7 million for his "worth."

## II. Discussion

To state a viable claim under section 1983, a plaintiff "must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005). State actors are subject to civil liability when, "under color of any statute, ordinance, regulation, custom, or usage, of any State," the official subjects, or causes to be subjected, a person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. "A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations

---

[1] Offender Information Detail, Texas Department of Criminal Justice, available at http://offender.tdcj.texas.gov (last visited June 7, 2017).

and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

Plattenburg's complaint consists of disjointed, unintelligible allegations that do not state a coherent cause of action against the defendant. Even under the liberal construction that is typically accorded to *pro se* pleadings, the complaint fails to advance any credible theory of recovery and lacks an arguable basis in fact. Nor does Plattenburg allege or otherwise show that the defendant is a state actor for purposes of section 1983. Because the complaint fails to raise a viable section 1983 claim, the lawsuit must be dismissed.

### III. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The complaint filed by Derreck Plattenburg (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous and for failure to state a viable claim for relief under section 1983. The dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the trust account of Derreck Plattenburg (TDCJ #01835684) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. **The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on  JUN 1 3 2017    .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE